UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREDRICK ERNEST GRAHAM, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1463 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be untimely. As a result, the Court will order movant to show cause why the motion should not be summarily dismissed.

Movant was found guilty by a jury on August 13, 2015, of felon in possession of a firearm. On February 3, 2016, the Court sentenced movant to 105 months' imprisonment and three years of supervised release. Movant appealed, and the Eighth Circuit Court of Appeals issued its final judgment affirming the sentence on February 22, 2017. Movant filed the instant § 2255 motion on August 23, 2018, which is the date he placed it in the prison's mail system.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari is ninety days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. *Id.*; *Clay*, 537 U.S. at 527, 529. A § 2255 petitioner therefore has one year and ninety days from the judgment of the appellate court to file a § 2255 motion.

As stated above, the Eighth Circuit Court of Appeals issued its final judgment on February 22, 2017. The limitations period ended, therefore, on May 23, 2018. As a result, the motion appears to be barred by the limitations period.[1]

---

[1] Movant appears to argue in his motion to vacate that the Supreme Court case of *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which provided that the residual clause in 18 U.S.C. § 16(b) defining "crime of violence," was unconstitutionally vague, somehow restarts his statute of limitations. Granted, in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), the Tenth Circuit Court of Appeals applied the holding of *Dimaya* to 18 U.S.C. § 924(c)(3)'s residual clause. However, the holding of *Dimaya* has not been extended to a mere felon in possession case, such as the statutes movant was convicted under, 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2). Rather, the "crime of violence" definition similar to that in 18 U.S.C. § 16(b) and § 924(c)(3) is found in very few criminal statutes, such as Hobbs Act robbery with a gun, 18 U.S.C. § 1951 and 924(c) as well as federal bank robbery with a gun, 18 U.S.C. § 2113 and 924(c). (In addition, there are some other federal statutes that incorporate the 18 U.S.C. § 16(b) crime of violence definitions, such as the

2

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause no later than thirty (30) days from the date of this Memorandum and Order, why this action should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that movant's failure to respond to the Order to Show Cause will result in a dismissal of this action.

Dated this 18th day of October, 2018.

                                                 /s/ Ronnie L. White
                                               RONNIE L. WHITE
                                               UNITED STATES DISTRICT JUDGE

---

Three Strikes Statute, the Failure to Register Under SORNA, Money Laundering, Violent Crime in Aid of Racketeering, Use of Minors in Crimes of Violence, and Aggravated Felony Enhancements Under Lawful Reentry.). Thus, movant simply does not qualify to start with a new statute of limitations under *Dimaya* as he was not convicted under 18 U.S.C. § 924(c).