UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FREDRICK ERNEST GRAHAM, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-1463 RLW |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of movant's response to the order to show cause.[1] Having carefully reviewed movant's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

### Background

Movant was found guilty by a jury on August 13, 2015, of felon in possession of a firearm. On February 3, 2016, the Court sentenced movant to 105 months' imprisonment and three years of supervised release. Movant appealed, and the Eighth Circuit Court of Appeals issued its final judgment affirming the sentence on February 22, 2017. Movant filed the instant § 2255 motion on August 23, 2018, which is the date he placed it in the prison's mail system.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

---

[1] On October 18, 2018, the Court ordered movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred.

1

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of certiorari **is ninety days after the date of entry of the judgment appealed from.** Supreme Court Rule 13(1). (emphasis added). The time does not run from the date of mandate. *Id.*; *Clay*, 537 U.S. at 527, 529. A § 2255 petitioner therefore has one year and ninety days from the judgment of the appellate court to file a § 2255 motion.

## Discussion

The Eighth Circuit Court of Appeals issued its final judgment on February 22, 2017. The limitations period ended, therefore, on May 23, 2018. As noted above, movant placed his motion to vacate in the prison mail system on August 23, 2018. As a result, the instant motion to vacate is barred by the statute of limitations.

2

Movant argues in his response to the Order to Show Cause that the Supreme Court case of *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which provided that the residual clause in 18 U.S.C. § 16(b) defining "crime of violence," was unconstitutionally vague, somehow restarts his statute of limitations. Granted, in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), the Tenth Circuit Court of Appeals applied the holding of *Dimaya* to 18 U.S.C. § 924(c)(3)'s residual clause. However, the holding of *Dimaya* has not been extended to a mere felon in possession case, such as the statute movant was convicted under, 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2).

Rather, the "crime of violence" definition similar to that in 18 U.S.C. § 16(b) and § 924(c)(3) is found in very few criminal statutes, such as Hobbs Act robbery with a gun, 18 U.S.C. § 1951 and 924(c) as well as federal bank robbery with a gun, 18 U.S.C. § 2113 and 924(c). (In addition, there are some other federal statutes that incorporate the 18 U.S.C. § 16(b) crime of violence definitions, such as the Three Strikes Statute, the Failure to Register Under SORNA, Money Laundering, Violent Crime in Aid of Racketeering, Use of Minors in Crimes of Violence, and Aggravated Felony Enhancements Under Lawful Reentry.). Thus, movant simply does not qualify to start with a new statute of limitations under *Dimaya*, as he was not convicted under 18 U.S.C. § 924(c).

Seeming to understand that he lacks a relevant argument under *Dimaya*, movant instead asserts that he should be excused from the one-year statute of limitations because he had ineffective assistance of appellate counsel. He also argues that his counsel failed to turn over his trial transcripts to him in a timely manner, he lacked the ability to pursue legal arguments on his own, he believes he has not had adequate access to law libraries at the Federal facilities at which he has been held, and he believes his Constitutional rights were violated in the course of his criminal proceedings. In essence, movant is arguing that he is entitled to equitable tolling.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Movant's assertions about ineffective assistance of counsel are clearly insufficient to allow equitable tolling. The Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt,* 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

There is no indication that movant's access to courts has been impeded, as movant has freely filed cases and motions in this Court, the Eighth Circuit Court of Appeals, the Supreme Court of the United States, the Southern District of Indiana, the District of Colorado, over the past four years, exercising his right to pending and contemplated legal claims. *See, e.g., Graham v.*

4

*Krueger*, No. 2:18CV276 JPH (S.D. Ind. 2018); *Graham v. Revell*, No. 17-CV-2086 (D. Col. 2017). In fact, movant has filed no less than nine pro se post-trial motions in his criminal action, including a petition for writ of mandamus in the Eighth Circuit Court of Appeals seeking a reversal of his conviction under the All Writs Act. However, movant failed, during this time period to seek an extension of time to file his § 2255 or present claims to this Court that would qualify as a motion to vacate.

The Court notes that movant requested, on May 23, 2018, in his criminal case, "production of his trial and sentencing transcripts and exculpatory evidence" so that he could eventually file a § 2255 motion to vacate. [Doc. #181] Movant's time period to file his § 2255 actually expired on this very date.[2] Unfortunately, the Court is unable to construe movant's request for production of transcripts as a motion to vacate brought pursuant to 28 U.S.C. § 2255. His motion simply does not

---

[2]Even if the Court could construe the request for transcripts as a § 2255 motion to vacate, none of the claims presented in the current motion to vacate in this action relate back to that earlier filing. Federal Rule of Civil Procedure 15(c)(1) "creates an exception" to the AEDPA's one-year limitation period. *Hill v. Mitchell*, 842 F.3d 910, 922 (6th Cir. 2016). Rule 15(c)(1) provides, in pertinent part, that "[a]n amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim ... that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Accordingly, "when a prisoner files an original [habeas] petition within the one-year deadline, and later presents new claims in an amended petition filed after the deadline passes, the new claims relate back to the date of the original petition if the new claims share a 'common core of operative facts" with the original petition." *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011) (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). Because the central inquiry is whether the original claim and the new claim arise from the same core of operative facts, a conclusory original claim, unaccompanied by any factual support, may preclude relation back. *See Hill*, 842 F.3d at 924. In his request, movant states that he desires "any and all documents produced and mailed to him to research the filing of his direct appeal/2255...[because he] has not been able to file appeals pro se without the production of trial and sentencing transcripts also any exculpatory evidence." Movant then states that he is requesting the information so he can file a timely § 2255 in this Court. The sole "claim" in this motion is that movant is missing his transcripts because they were taken from him by the federal authorities at the prison, as well as a court form for filing a § 2255. However, his assertion is bereft of specific factual allegations or evidentiary support. *Hill*, 842 F.3d at 924. Thus, none of the claims in the motion to vacate before this Court can be said to arise from its "unknown" factual predicate.

5

comport with the requirements set forth for a filing of a motion to vacate in the Rules on Motions Attacking Sentence Under Section 2255.

Without additional factual information, the Court cannot find that movant's access to courts was violated such that his time period for filing his motion to vacate should be tolled. Movant has failed to provide any factual information regarding what actually occurred at USP Florence or USP Terre Haute, other than his bare conclusory assertions, which are simply not enough to toll the statute of limitations.

Moreover, this Court cannot begin to examine movant's assertions regarding his belief that his Constitutional rights were violated during this trial court process when he has not first shown that he was diligently pursuing his rights and some extraordinary circumstance prevented him from presenting his claims to this Court in a timely fashion. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

As movant has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition as time-barred. Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DENIED and DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of January, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE